IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEPH V. JOINER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Cause No. EP-23-CV-334-KC |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Joseph V. Joiner, state prisoner number 02388065, challenges Bobby Lumpkin's custody of him through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. Pet'r's Pet., ECF No. 1.[1] Joiner's petition is opposed because—as Lumpkin notes correctly—he failed to file it within the statute of limitations established in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Resp't's Answer, ECF No. 16 at 4–9. Joiner's petition is accordingly dismissed with prejudice as time barred.

## BACKGROUND AND PROCEDURAL HISTORY

Joiner is a 33-year-old state prisoner at the LeBlanc Unit in Beaumont, Texas. *See* Texas Department of Criminal Justice (TDCJ), Inmate Information Details, https://inmate.tdcj.texas.gov /InmateSearch (search for TDCJ No. 02388065) (last visited Apr. 3, 2024). His parole eligibility date is January 4, 2037. *Id*.

Joiner was indicted on three counts of sexual assault of a child younger than 17 years of age in cause number 20150D02895 in the 346th Judicial District Court in El Paso County, Texas.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this cause. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

*See Joiner v. State*, No. 08-18-00118-CR, 2020 WL 4696625, at *1 (Tex. App.—El Paso Aug. 13, 2020, pet. ref'd). At Joiner's trial, the State offered evidence that he had committed an extraneous offense—rape—after the assault charged in this case. *Id*. at *4. Joiner was convicted on all counts and sentenced to forty-five years' confinement. *Id*. at 1.

On appeal, Joiner argued "the trial court committed reversible error by: (1) admitting evidence of an extraneous offense during the prosecution's case-in-chief over [his] objections; (2) curtailing [his] proposed cross-examination of an extraneous-offenses complainant on a specific topic; and (3) denying [him] an opportunity to present closing argument asserting that—because the State had failed to prove the extraneous offense beyond a reasonable doubt—the jury could not consider the evidence at all." *Id*. He also asserted "a cumulative-error argument." *Id*. His objections were overruled, and his convictions were affirmed by the Texas Eighth Court of Appeals. *Id*. His petition for discretionary review was refused by the Texas Court of Criminal Appeals. *Id*. He did not file a petition for a writ of certiorari with the United States Supreme Court. Pet'r's Pet., ECF No. 1 at 3.

Joiner signed and presumably mailed two applications for state writs of habeas corpus on August 25, 2022. *Ex parte Joiner*, WR-94,229-01, Pet'r's Pet., ECF No. 15-25 at 28; *Ex parte Joiner*, WR-94,229-02, Pet'r's Pet., ECF No. 15-34 at 37. His first application was denied without a written order. *Id.*, WR-94,229-01, Action Taken, ECF No. 15-19. His second application was dismissed without a written order as a subsequent application pursuant to Texas Code of Criminal Procedure article 11.07, § 4(a)-(c). *Id.*, WR-94,229-02, Postcard, ECF No. 15-28.

Joiner raises three issues in his federal habeas petition. Pet'r's Pet., ECF No. 1 at 11–16. First, he asserts his counsel provided constitutionally ineffective assistance when he failed to investigate Joiner's competency. *Id.* at 11–13. Second, he claims the trial court imposed an excessive punishment. *Id.* at 13–14. Finally, he maintains he was prosecuted while he was not competent to stand trial. *Id.* at 14–16. He asks the Court to "reverse" his conviction or reduce his sentence "due to his mental state." *Id.* at 7.

## APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Additionally, the AEDPA provides that claims under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court … and made

3

<pre style="white-space: pre-wrap">
</pre>

retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* §§ 2244(d)(1)(A)−(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance [comply] with the applicable laws and rules governing filings ... [including] the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It is justified only "'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906−07 (5th Cir. 1992)).

The petitioner has the burden of proving an entitlement to equitable tolling. *Phillips v.*

*Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## ANALYSIS

Joiner concedes he did not file his federal petition within one year after his convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A). His convictions were affirmed by the Eighth Court of Appeals and his petition for discretionary review was refused by the Court of Criminal Appeals December 16, 2020. *Joiner*, 2021 WL 1712214, at *1, *18. He did not file a petition for a writ of certiorari with the Supreme Court. Pet'r's Pet., ECF No. 1 at 3. So, his convictions became final 150 days later—or on May 17, 2021—when the time for filing a petition for writ of certiorari expired.[2] *Gonzalez v. Thaler*, 556 U.S. 134, 150 (2012) (holding that when a petitioner does not pursue direct review to the Supreme Court, the judgment becomes final when the time for doing so expires). Absent tolling, the one-year limitations period for filing his federal habeas petition expired on May 17, 2022. Joiner constructively filed his federal petition over a year later on August 31, 2023—the day he signed and presumably placed it in the prison mail system. Pet'r's Pet., ECF No. 1 at 10; *see United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) ("a *pro se*

---

[2] Due to the COVID-19 pandemic, the Supreme Court extended the deadline to file any petition for a writ of certiorari due on or after March 19, 2020, "to 150 days from the date of the lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing." *See* U.S. Supreme Court Order List 589, https://www.supremecourt.gov/orders/court_orders/031920zr_d1o3.pdf (last visited Mar. 19, 2024). This rule was in effect until July 19, 2021, when the deadline to file a petition for a writ of certiorari was returned to 90 days, as provided by Sup. Ct. R. 13. *See* U.S. Supreme Court Order List 594, https://www.supremecourt.gov/orders/courtorders_/071921zr_4g15.pdf (last visited Mar. 19, 2024). Cabral's petition for discretionary review was refused by the Court of Criminal Appeals on December 16, 2020. *Joiner*, 2020 WL 4696625, at *1. Consequently, Cabral benefits from the extended deadline.

motion is deemed filed at the time it is delivered to prison officials") (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

Joiner suggests that State action "prevented [him] from [timely] filing due to [a] lack of law library resources and switching [him] from unit to unit." Pet'r's Pet., ECF No. 1 at 9; *see* 28 U.S.C. § 2244(d)(1)(B). He further maintains that he could not obtain copies of his medical records. *Id*. So, in essence, he argues that the State denied him his well-established right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996)

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). To prevail, a prisoner must allege more than the library was inadequate or he was moved too often. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). A prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351 (1996) (noting also that there is no "abstract, freestanding right to a law library or legal assistance").

Joiner offers nothing more than a generalized, self-serving allegation that the State did not afford him adequate law library resources—and hindered his efforts to pursue a legal claim—while he was incarcerated. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). He fails to provide any factual background as to the limitations on his access to a law library, his need for unavailable legal resources, or his attempts to obtain legal help. He also fails to identify a causal link between

his alleged limited access to legal materials and his inability to timely file his federal habeas petition. Hence, he fails to provide evidence that the State created an impediment which actually *prevented* him from gaining access to the courts by filing his § 2254 petition.

Joiner's petition does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* § 2244(d)(1)(C); Pet'r's Pet., ECF No. 1 at 11–16. His claims arise from events which occurred during his trial or direct appeal. *See* § 2244(d)(1)(D); Pet'r's Pet., ECF No. 1 at 11–16.

As a result, the date Joiner's limitations period began to run is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"—or May 17, 2021—and expired one year later on May 17, 2022. *See* 28 U.S.C. § 2244(d)(1)(A).

Joiner signed and presumably mailed his two state writ applications on August 25, 2022. *Ex parte Joiner*, WR-94,229-01, Pet'r's Pet., ECF No. 15-25 at 28; *Ex parte Joiner*, WR-94,229-02, Pet'r's Pet., ECF No. 15-34 at 37. Because he submitted his state habeas applications more than three months after the limitations period expired, they did not toll the statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).

Consequently, when Joiner filed his federal petition on August 31, 2023, he did so over one year and three months too late. His petition is untimely, and must be dismissed, unless equitable tolling applies.

Joiner does not suggest the State misled him into delaying his federal petition. *Cousin*, 310 F.3d at 848. He does, however, claim that State prison policies contributed to his delay:

7

> At the time when you switch units you [are] not allowed to bring any legal documents, no pen and paper, and you couldn't go to the law library when your [sic] on transient. Petitioner has been on transit for 6 months and waiting in county [jail] for a year in a half after his appeal was over with limited resources. The county does not provide any forms for habeas corps. Even afterwards when petitioner entered [the Texas Department of Criminal Justice] they wouldn't allow the resources you need for an appeal until after you get classified. Once you go to another unit your property has to follow you and that could take up to 3 months to get your property. A 1-year limitation would cripple anyone in … prison if your [sic] stuck on a stand still. That leaves you no room to get your transcripts records, or do research that is needed.

Pet'r's Reply, ECF No. 17 at 2. Joiner also avers his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Id*. at 4. He provides evidence—in the form of a letter—that the Department of Veterans Affairs (VA) determined he is a 100 percent disabled Gulf War Era veteran based on his "posttraumatic stress disorder (PTSD) with residuals of traumatic brain injury." *Id.* at 18. His disability rating, according to the VA, is based on the following conditions:

- Anxiety
- Chronic sleep impairment
- Depressed mood
- Difficulty in establishing and maintaining effective work and social relationships
- Difficulty in understanding complex commands
- Disorientation to place
- Disorientation to time
- Disturbances of' motivation and mood
- Flattened affect
- Forgetting directions
- Forgetting names
- Forgetting recent events
- Impaired abstract thinking
- Impaired impulse control
- Impaired judgment
- Inability to establish and maintain effective relationships Mild memory loss
- Near-continuous depression affecting the ability to function independently, appropriately and effectively

8

- Near-continuous panic affecting the ability to function independently, appropriately and effectively
- Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood
- Spatial disorientation
- Speech intermittently illogical
- Speech intermittently irrelevant
- Speech intermittently obscure
- Suspiciousness
- Unprovoked irritability with periods of violence

*Id.* at 19. Notably, his VA evaluation does not suggest that his PTSD and residuals of traumatic brain injury have rendered him unable to personally to prepare a timely habeas petition.

"[A]n inadequate law library [alone] does not constitute a 'rare and exceptional' circumstance warranting equitable tolling" of the AEDPA's one-year statute of limitations. *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (citing *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000)). Challenges in obtaining medical records and transfers between units are also far from extraordinary circumstances which might warrant equitable tolling. *See, e.g., Ford v. Stephens*, No. 4:13-CV-661-C, 2013 WL 5813013, at *3 (N.D. Tex. Oct. 29, 2013) ("Difficulty obtaining records, indigence, and transfers between prison units however are common problems among inmate who are trying to pursue postconviction habeas relief.").

Mental incompetence might support equitable tolling. *Fisher*, 174 F.3d at 715 (citing *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232–33 (5th Cir. 1999) (assuming that mental illness would support equitable tolling "if the illness ... prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them")). But for tolling to apply, a petitioner must show that the mental illness actually rendered him unable to pursue his legal rights during the relevant time period. *Id.* at 715–16. To satisfy his evidentiary burden, the petitioner

must provide necessary details showing that his mental impairment *prevented* him from managing his legal affairs or understanding his legal rights. *Hood*, 168 F.3d at 232–33. Joiner fails allege with the required specificity that his mental health issues—as documented by the VA—*prevented* him from filing his federal petition within the limitations period.

Joiner also falls far short of exhibiting reasonable diligence in pursuing his claims. He waited until two years, eight months, and 15 days after the Court of Criminal Appeals denied his petition for discretionary review to file his federal habeas petition. He cannot meet his burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing of a § 2254 motion. *Lawrence*, 549 U.S. at 336. Joiner is not entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

The Court will not issue a certificate of appealability because reasonable jurists could not debate the Court's reasoning for denying Joiner's claims as untimely. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

## CONCLUSIONS AND ORDERS

The Court concludes that Joiner's claims are time barred and that he is not entitled to equitable tolling. The Court further concludes that Joiner is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Joiner's "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254" (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Joiner is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions in this cause are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 10th day of April, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE